UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL D. HALL,<br><br>           Plaintiff,<br><br>      v.<br><br>SAN JOAQUIN COUNTY JAIL, et al.,<br><br>           Defendants. | No. 2:13-cv-1994-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] Before the court is plaintiff's September 24, 2013 complaint. ECF No. 1. Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This action was opened when plaintiff mailed a complaint to the court, without referencing a case number. *See* ECF No. 1. Plaintiff states that he had previously mailed the

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

1 complaint to the court in February, and that he received various court orders in response. *Id.* at 4.
2 He explains that he is resending the complaint because of his fear that prison officials have
3 tampered with his mail and possibly falsified documents from this court. *Id.* Attached to the
4 complaint are documents from *Hall v. San Joaquin County Jail*, 2:13-cv-324-AC. *See id.* at 8;
5 *see also Hall*, ECF No. 21 (Third Amended Complaint); ECF No. 29 (screening order allowing
6 action to proceed on certain claims). It is not clear whether plaintiff intended to file the instant
7 complaint in that earlier filed action, or instead, intended to commence this new action.

8 Regardless, this action must be dismissed as it is plainly duplicative of the earlier action
9 that plaintiff is now litigating. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1144 (E.D. Cal. 1999)
10 (when a complaint involving the same parties and issues has already been filed in another federal
11 district court, the court has discretion to abate or dismiss the second action). "Federal comity and
12 judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an
13 action when a similar complaint has already been filed in another federal court." *Id.* at 1145
14 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to
15 avoid concurrent litigation in more than one forum whenever consistent with the right of the
16 parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

17 Due to the duplicative nature of the present action, this action should be dismissed and
18 plaintiff should proceed on the action he initially commenced. *See Cato v. United States*, 70 F.3d
19 1103, 1105 n.2 (9th Cir. 1995) (A complaint that "merely repeats pending or previously litigated
20 claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915).

21 Accordingly, it is hereby RECOMMENDED that this action be dismissed as duplicative.

22 These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties. Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
27 /////
28 /////

1  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  November 14, 2013.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE